Pamela Chyba
c/o:7734 Madrilena Way
Carlsbad, California 92009



FILED
JUL 11 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PAMELA CHYBA
Plaintiff,

vs.

FIRST FINANCIAL ASSET MANAGEMENT, INC.,
aka FFAM
Defendant,

Case No. 12CV1721 BEN WVG

VERIFIED CIVIL RIGHTS COMPLAINT PURSUANT TO 15 U.S.C. 1692 ET SEQ., 47 U.S.C. § 227 ET SEQ.

TRIAL BY JURY DEMANDED

Date: July 9, 2012

### JURISDICTION, PARTIES, AND VENUE

This court has jurisdiction under 15 U.S.C. §1692k and 47 U.S.C. §227(b)(3) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. All conditions precedent to the bringing of this action have been performed. The Plaintiff, Pamela Chyba, c/o:7734 Madrilena Way, Carlsbad, California 92009. The Defendant, FIRST FINANCIAL ASSET MANANGEMENT, INC., an unknown entity, located at 2800 North 44TH Street, Suite 125, Phoenix, Arizona 85008. C/o Registered Agent: LEXISNEXIS DOCUMENT SOLUTIONS INC., 2710 Gateway Oaks Drive Suite 150N, Sacramento, California 95833. The occurrences which give rise to this

action occurred in San Diego, California and Plaintiff resides in San Diego, California. Venue is proper in the Southern District of California.

## PRELIMINARY STATEMENT

This is an action for damages for violations Plaintiff's civil rights of the Telephone Consumer Protection Act (TCPA) 47 USC § 227, The Rosenthal Fair Debt Collection Practices Act California Civil Code §1788., Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. §1692et seq. Plaintiff contends that the Defendant, an unknown entity, has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## GENERAL AND FACTUAL ALLEGATIONS

1. Plaintiff has never had any business dealings or any accounts with Defendant. Defendant has made at least 4 prerecorded calls to Plaintiff's cell phone between June 11, 2012 and June 25, 2012 in violation of the FDCPA, The Rosenthal Fair Debt Collections Practices Act, and TCPA as stated herein.

2. On June 22, 2012 Plaintiff contacted Defendant at the number Defendant called from and spoke to a "Junior Butler" Plaintiff gave the agent Plaintiff's full name and phone number and asked why Defendant was contacting Plaintiff. Defendant's agent would not give any information and said they would continue to call. Plaintiff has no idea why Defendant would continue to abuse Plaintiff when Plaintiff is asking why they are calling.

3. Defendant contacted Plaintiff again on June 25, 2011with a prerecorded call.

4. The same prerecorded message Defendant leaves is *"This message is for pamela chyba, if you are not pamela chyba, please hang up or disconnect, if you are, pamela chyba, please continue to listen to this message, there will now be a 3 second pause so that you may*

*avoid the disclosure of this message to other individuals, this message is from first financial asset management please contact us at 1-800-348-7243 regarding an important business matter, again the number is 1-800-348-7243".*

5. In cross referencing Defendants phone number of 800-348-7243 leads directly to Defendant's website stating they are in the debt collection industry.

6. In addition, From June 11, 2012, through June 25, 2012 Defendant has violated the TCPA by leaving 4 prerecorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phone.

7. From June 11, 2012, through June 25, 2012, Defendant violated the TCPA by calling Plaintiff's cell phone 4 times with no prior permission given by Plaintiff.

8. On June 11, 2012, through June 25, 2012, the Defendant violated the TCPA by leaving 4 prerecorded messages on Plaintiffs cell phone without express permission.

9. Plaintiff sent Defendant on June 27th, 2012 a letter of intent of pending lawsuit to be filed, giving them an additional 10 days in good faith to settle this amicably. Plaintiff never received any correspondence from Defendant.

10. Plaintiff did everything in her power in reaching resolution acting in good faith on several occasions and avoid litigation. Defendant gave Plaintiff no choice but to file the lawsuit to resolve this matter.

11. Even after Defendant received Plaintiff's letter of intent of pending lawsuit, Defendant still continued violating the law.

**COUNT I**
**VIOLATON OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CALIFORNIA CIVILCODE §1788 ET SEQ. WILLFUL NON-COMPLIANCE BY DEFEFENDANT,**
**FIRST FINANCIAL ASSET MANAGEMENT, INC.**

12. Defendant violated *§1788.11* (i) The false representation of the true nature of the business or services being rendered by the debt collector.

13. Defendant violated § 1788.17. Compliance with federal provisions:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, FIRST FINANCIAL ASSET MANAGEMENT, INC., for knowingly and willfully violating the Rosenthal Fair Debt Collection Practices Act 1788 et seq., for actual damages, costs of this action, and penalties in such amounts as this honorable court may allow, attorney's fees, and costs pursuant to the Rosenthal Fair Debt Collection Practices Act § 1788.30 (b)(c)

### COUNT II
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT FIRST FINANCIAL ASSET MANAGEMENT, INC.

14. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

15. Defendant FIRST FINANCIAL ASSET MANAGEMENT, INC. have demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number.

47 U.S.C. §227(b)(1)(A) states in part;

b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

16. Defendant FIRST FINANCIAL ASSET MANAGEMENT, INC. has called the Plaintiff's phone no less than 4 times using an automatic dialing system and a prerecorded voice.

17. Defendant FIRST FINANCIAL ASSET MANAGEMENT, INC. has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number no less than 4 times and using an automatic dialing system and a prerecorded voice. The 4 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

18. Plaintiff and FIRST FINANCIAL ASSET MANAGEMENT, INC. do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages against FIRST FINANCIAL ASSET MANAGEMENT, INC. for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT FIRST FINANCIAL ASSET MANAGEMENT, INC.**

19. Plaintiff alleges and incorporates the information in paragraphs 1 through 18.

20. Defendant FIRST FINANCIAL ASSET MANAGEMENT, INC. has called the Plaintiffs cellular phone no less than 4 times contrary to 47 U.S.C. §227(b)(1)(A)(iii).

> 47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

21. Defendant FIRST FINANCIAL ASSET MANAGEMENT, INC. has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's number no less than 4 times, which is assigned to a cellular telephone service. The Plaintiff has never given FIRST FINANCIAL ASSET MANAGEMENT, INC. permission to call Plaintiffs cellular phone. The 4 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

22. Plaintiff and FIRST FINANCIAL ASSET MANAGEMENT, INC. do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages against FIRST FINANCIAL ASSET MANAGEMENT, INC. for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

## COUNT IV
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692g BY DEFENDANT FIRST FINANCIAL ASSET MANAGEMENT, INC.

23. Plaintiff alleges and incorporates the information in paragraphs 1 through 22.

24. Defendant FIRST FINANCIAL ASSET MANAGEMENT, INC. violated 15 U.S.C. §1692g by not

sending Plaintiff any written notice in connection with any alleged debt after the initial contact with consumer.

15 U.S.C. §1692g states in part Validation of debts --

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

**WHEREFORE,** Plaintiff demands judgment for damages against FIRST FINANCIAL ASSET MANAGEMENT, INC. for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

### COUNT V
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(5) BY DEFENDANT FIRST FINANCIAL ASSET MANAGEMENT, INC.

25. Plaintiff alleges and incorporates the information in paragraphs 1 through 24.

26. Defendant FIRST FINANCIAL ASSET MANAGEMENT, INC. violated 15 U.S.C. §1692d(5) by calling the Plaintiff no less than 4 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff. This intentional and repeated calling by FIRST FINANCIAL ASSET MANAGEMENT, INC. has caused the Plaintiff undue stress, nervousness and embarrassment.

15 U.S.C. §1692d(5) states in part;

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff demands judgment for damages against FIRST FINANCIAL ASSET MANAGEMENT, INC. for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

### COUNT VI
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(10) BY DEFENDANT FIRST FINANCIAL ASSET MANAGEMENT, INC.

27. Plaintiff alleges and incorporates the information in paragraphs 1 through 26.

28. Defendants FIRST FINANCIAL ASSET MANAGEMENT, INC. violated 15 U.S.C. §1692e(10) by the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

> 15 U.S.C. §1692e(10) states in part;
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against FIRST FINANCIAL ASSET MANAGEMENT, INC. for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

Plaintiff reserve the right to amend complaint. Plaintiff's judicial notice/cognizance with claim of rights concurrently filed herewith complaint.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

*Pamela Chyba* (signature)
Pamela Chyba, Plaintiff

**VERIFICATION**

I, Pamela Chyba, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

*Pamela Chyba* (signature)
Pamela Chyba

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that she executed the same in her authorized capacity and that by her signature on this instrument who is the person who executed this instrument. I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.
Witness my hand and official seal.

(signature)
**NOTARY PUBLIC IN AND FOR THE STATE OF NEVADA**
County of CLARK

Notary Seal

ANDREA HARWARD
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-25-15
Certificate No: 11-6079-1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Pamela Chyba

**DEFENDANTS**
First Financial Asset Management, Inc.

FILED JUL 11 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Maricopa
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)  12CV1721 BEN WVG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC §1692, 15 USC 1681, 47 USC §227, Cal Civ code 1788.17
Brief description of cause:
FDCPA & TCPA violations Civil Rights

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE  July 9, 2012
SIGNATURE OF ATTORNEY OF RECORD  Plaintiff
[signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____