Christopher D. Holt, Bar No. 228399
Jennifer S. Vicente, Bar No. 203965
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com
jvicente@klinedinstlaw.com

Attorneys for Defendant
FIRST FINANCIAL ASSET
MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CHYBA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FIRST FINANCIAL ASSET MANAGEMENT, INC. AKA FFAM,<br><br>　　　　Defendant. | Case No.   3:12-cv-01721-BEN-WVG<br><br>**FIRST FINANCIAL ASSET MANAGEMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**Hearing:**<br>Date:　　　February 3, 2014<br>Time:　　　10:30 a.m.<br>Courtroom:　5A<br>Judge:　　　Roger B. Benitez |

　　　Defendant First Financial Asset Management, Inc. ("FFAM") hereby submits its brief in opposition to Plaintiff Pamela Chyba's ("Plaintiff") Motion for Reconsideration.

## I.

## INTRODUCTION

　　　Plaintiff's motion for reconsideration is essentially a restatement of her opposition to the motion for summary judgment. The motion does not comply with the provisions of FCRP Rule 60 and does not raise any new evidence, law or argument. Plaintiff's 'first amended motion' was served without sufficient

///

- 1 -

notice and should be ignored by the court. Accordingly, FFAM respectfully requests that the court deny the motion for reconsideration.

## II.

## PLAINTIFF FAILS TO IDENTIFY ANY VALID BASIS FOR RECONSIDERATION

Plaintiff seeks reconsideration of the court's order granting partial summary judgment. FRCP Rule 60, subdivision (b) sets out the bases on which a party may move for relief from an order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Plaintiff does not reference Rule 60 in her motion and apparently for good reason - none of the bases allowed by Rule 60 exist. Failure to make a cogent argument for Rule 60(b) relief under any of the categories can itself be grounds for denial. *United States v. Thornton*, 642 F.3d 599, 606 (7th Cir. 2011). While a court may not have to explicitly identify a subsection of Rule 60 when it grants relief from an order, relief must still be appropriate under one of the categories. *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013). Merely casting doubt on the correctness of the underlying order is insufficient. *Fisher v. Kadant, Inc.*, 589 F.3d 505, 512 (1st Cir. 2009).

///

Plaintiff does not claim mistake, inadvertence, surprise or excusable neglect. She has not identified any newly discovered evidence. She has not identified any fraud, misrepresentation or misconduct by FFAM related to the order. No judgment has been entered, so the fourth and fifth categories are not applicable.

The final, catch-all category is limited to "extraordinary circumstances." *Mendez v. Republic Bank*, supra, 725 F.3d at 657 (7th Cir. 2013); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-864 (1988). Plaintiff has not identified *any* circumstances justifying reconsideration. Instead, Plaintiff simply restates the same arguments she made in opposition to the motion for summary judgment.

## III.
## PLAINTIFF'S MOTION FOR RECONSIDERATION SIMPLY RESTATES ARGUMENTS ALREADY MADE IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT

Plaintiff asks for reconsideration not because of any new evidence or law, but simply because she believes the court should have found in her favor. Plaintiff's motion restates the same arguments from her opposition to FFAM's motion for summary judgment.

Plaintiff argues on page 4, paragraph 2, of her motion that she did not have a 'nexus' with FFAM or Enterprise. She made an identical argument on page 2 of the opposition to the motion for summary judgment.

Plaintiff argues on pages 4 and 5, paragraphs 3 through 5, that the record does not contain evidence supporting the contention that she provided her cell phone number to Enterprise. She made the same argument on pages 8 and 9 of her opposition to the motion for summary judgment.

On page 5, paragraphs 7 and 8, Plaintiff makes what amounts to an evidentiary objection to evidence submitted by FFAM related to her cell phone

///

number. Plaintiff made the same objection on page 2 of her opposition to the motion for summary judgment.

Plaintiff simply fails to raise any new evidence or arguments and accordingly, the motion should be denied.

## IV.
## PLAINTIFF'S 'AMENDED MOTION' SHOULD BE IGNORED BY THE COURT

Plaintiff filed her "first amended motion" on January 15, just 19 days before the hearing set on the motion. The court subsequently issued its order denying permission for Plaintiff to amend the motion. The first amended motion should therefore be stricken and ignored by the court. Based on the untimeliness of the first amended motion, and the court's subsequent order denying the request to amend the motion, FFAM will not address the first amended motion.

## V.
## CONCLUSION

Plaintiff's motion fails to identify any valid ground for reconsideration. Plaintiff does not raise any new evidence, law or argument. Accordingly, FFAM respectfully requests that the court deny the motion.

*Respectfully Submitted*,

KLINEDINST PC

DATED: January 17, 2014      By: /s/ Christopher D. Holt
                                  Christopher D. Holt
                                  Jennifer S. Vicente
                                  Attorneys for Defendant
                                  FIRST FINANCIAL ASSET
                                  MANAGEMENT, INC.

15786053v1

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA 92707